IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Maralyn Pickett aka Maralyn Vasquez<br>George W. Pickett aka George Pickett aka George Pickett, Jr.<br>　　　　　　　　Debtors | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION, (Trustee for the Pennsylvania Housing Finance Agency, pursuant to a Trust Indenture dated as of April 1, 1982)<br>　　　　　　　　Movant<br>　　　vs. | NO. 14-13873 REF |
| Maralyn Pickett aka Maralyn Vasquez<br>George W. Pickett aka George Pickett aka George Pickett, Jr.<br>　　　　　　　　Debtors | 11 U.S.C. Section 362 |
| Frederick L. Reigle Esq.<br>　　　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtors' residence is **$1,761.09**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | July 2016 through September 2016 at $573.00 |
| Late Charges: | July 2016 through September 2016 at $14.03 |
| **Total Post-Petition Arrears** | **$1,761.09** |

2. Debtors shall cure said arrearages in the following manner:

a). Beginning October 2016 and continuing through March 2017, until the arrearages are cured, Debtors shall pay the present regular monthly payment of $573.00 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$293.15** towards the arrearages on or before the last day of each month;

b). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing

and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   September 19, 2016

/s/ Joshua I. Goldman, Esquire
Joshua I. Goldman, Esquire
Thomas I. Puleo, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 10/3/16

Jose C. Campos Esq.
Attorney for Debtors

Date: 10/5/16

Frederick L. Reigle Esq.
Chapter 13 Trustee

Approved by the Court this ____ day of _____, 2016. However, the court retains discretion regarding entry of any further order.

**Date: October 12, 2016**

Bankruptcy Judge
Richard E. Fehling